IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NICHOLAS CRABTREE**                                                                  **PLAINTIFF**

**v.**                                      **Case No. 4:24-CV-00124-LPR**

**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION**                                       **DEFENDANT**

## **ORDER**

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Edie R. Ervin (Doc. 12) and the Plaintiff's Objections (Doc. 13). After performing a *de novo* review of the RD and carefully considering the Objections and the entire record, the Court concludes that the RD should be, and hereby is, approved and adopted in its entirety as this Court's findings and conclusions in all respects.

In his Objections, Plaintiff challenges the RD's conclusion that substantial evidence supports the RFC, specifically with respect to Plaintiff's mental impairments.[1] Plaintiff's arguments rest upon the mistaken belief that an RFC must be supported by a medical opinion.[2] But, "[i]n the absence of medical opinion evidence, 'medical records prepared by the most relevant treating physicians [can] provide affirmative medical evidence supporting the ALJ's residual functional capacity findings.'"[3] Here, the ALJ cited to medical evidence that supported the mental RFC, including numerous normal cognitive and mental status exam findings in addition to results

---

[1] Pl.'s Objections (Doc. 13) at 2–5.

[2] *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) ("Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace. However, there is no requirement that an RFC finding be supported by a specific medical opinion." (internal quotation marks and citations omitted)).

[3] *Id*. (quoting *Johnson v. Astrue*, 628 F.3d 991, 995 (8th Cir. 2011)).

from an in-depth neuropsychological assessment conducted in December 2022.[4]

Furthermore, the record did contain medical opinion evidence from state agency medical consultants. Those medical experts thoroughly discussed the record evidence before opining, respectively, that Plaintiff's mental impairments caused "[no] more than minimal limitation to [Plaintiff's] basic work capacity" and that Plaintiff experienced "very minimal impact from mental health difficulties at this time."[5] The ALJ found these opinions partially persuasive (and, thus, partially supportive of the mental RFC findings).[6] But when the ALJ considered the record evidence (including later-submitted evidence that the state agency medical consultants had not reviewed), he determined that the RFC should contain additional limitations to address Plaintiff's mental impairments, and he thoroughly explained how he arrived at his determination.[7] That is precisely what an ALJ is supposed to do.[8]

IT IS THEREFORE ORDERED that the Commissioner's decision is AFFIRMED, and Judgment will be entered for the Commissioner in this case.

DATED this 1st day of November 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[4] Tr. at 22–29.

[5] Tr. at 95, 109, 123, 134.

[6] Tr. at 28.

[7] *Id.*

[8] *See Schmitt v. Kijakazi*, 27 F.4th 1353 (8th Cir. 2022) ("Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." (quoting *Cox v. Astrue*, 495 F.3d 614, 619–20 (8th Cir. 2007)). Plaintiff's Objections raise other challenges to the RD in addition to what the Court specifically discusses here. The Court has considered all challenges to the RD and found them unpersuasive.